Chief Magistrate Brian A. Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. MJ20-476 |
|---|---|
| Plaintiff, | COMPLAINT for VIOLATION |
| v. | 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. |
| GURSEWAK SINGH, | |
| Defendant. | |

BEFORE the Honorable Brian A. Tsuchida United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT 1

**(Possession of Methamphetamine with Intent to Distribute)**

On or about July 28, 2020, in Blaine, in Whatcom County, in the Western District of Washington, and elsewhere, the defendant, GURSEWAK SINGH, did knowingly and intentionally possess, and aid and abet the possession of, with intent to distribute, methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

It is further alleged that the offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, optical and geometric isomers, and salts of isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

And the Complainant states that this Complaint is based on the following information:

I, Mark I. Pomerantz, being first duly sworn on oath, depose and say:

**INTRODUCTION**

1. I am a Special Agent ("SA") with the Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") and have been so employed since May 2008. I am currently assigned to the Office of the Assistant Special Agent in Charge ("ASAC"), Blaine, Washington, and am a member of the Border Enforcement Security Taskforce (BEST). HSI is responsible for enforcing the customs and immigration laws and federal criminal statutes of the United States. As part of my current duties, I investigate criminal violations relating to narcotics smuggling and narcotics trafficking which occur around the international border with Canada.

2. The facts set forth in this Complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of cooperating witnesses; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

3. Because this Complaint is submitted for the limited purpose of establishing probable cause, it does not set forth each and every fact that I or others have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that GURSEWAK SINGH committed the offense charged, namely, possession of, with intent to distribute, methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

UNITED STATES ATTORNEY
700 STEWART, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SUMMARY OF PROBABLE CAUSE

4. On or about July 28, 2020, at approximately 10:40 p.m., Border Patrol Agent J. Bravomejia was alerted by his dispatcher that two individuals who appeared to be carrying weighted down duffle bags were observed running northbound, just east of the Pacific Highway Port of Entry in Blaine, Washington. Agent Bravomejia responded to the call. When he arrived at the intersection of 15th Street and B Street, Blaine, Washington, he observed a silver Nissan Sentra bearing Washington State license plate BOK8733, attempting to back out of the driveway for the residence of No.12 15th street, Blaine, Washington. Agent Bravomejia activated the emergency lights of his vehicle and made contact with the driver and sole occupant of the vehicle who was identified by his California driver's license as Gursewak SINGH. Agent Bravomejia asked SINGH what he was doing in the area and SINGH replied that he was trying to make a U-Turn to depart the area. Agent Bravomejia observed a black carrying strap with threads sticking out of it laying on the pavement next to the trunk of SINGH's car.

5. While Agent Bravomejia was encountering SINGH, Agent T. Luc was also responding to the area of 15th and B Streets, in Blaine. Upon arrival, Agent Luc observed two males wearing dark clothing walking rapidly away from him and towards Canada. Agent Luc identified himself and ordered the two males to stop. The two males did not comply with Agent Luc's order. Agent Luc then observed the two males throw two duffel bags on the ground and then run across the international border into Canada. Agent Luc recovered the two abandoned duffel bags and observed that one of the bags was missing a carrying strap and that it appeared to have been either broken or torn off. Agent Luc then transported the two duffel bags to Agent Bravomejia's patrol vehicle where he observed the broken carrying strap near the trunk of the vehicle SINGH was driving. Agent Luc observed that the broken strap on the ground near SINGH's vehicle appeared to be the same material as the one missing from the abandoned duffle bag.

6. Border Patrol Canine Handler C. Johnson was dispatched to the scene. Upon arrival at the scene, Agent Johnson asked SINGH for consent to perform a canine

sniff on the exterior and interior of the vehicle and SINGH consented. Agent Johnson's Canine alerted to the trunk of SINGH's vehicle for the presence of narcotics. A subsequent search of SINGH's vehicle revealed two duffle bags in the trunk of the vehicle. The duffle bags from the trunk contained clear plastic bags filled with a white substance which field tested positive for methamphetamine. Each of those bags weighed 23.68 kilograms (52.09 pounds) for a combined weight of 47.36 kilograms (104.19 pounds).

7. The two duffle bags abandoned by the men fleeing into Canada were found to be concealing zip lock bags filled with a white crystal like substance which field tested positive for methamphetamine. The weights of those two bags were 26.98 kilograms and 25.44 kilograms for a combined weight of 52.42 kilograms (115.32 pounds). The combined weight of all the bags was 99.78 kilograms (219.52 pounds).

## CONCLUSION

8. Based on the above-stated facts, I respectfully submit that there is probable

///

///

///

cause to believe that GURSEWAK SINGH committed the offense charged in this Complaint.

_____
MARK I. POMERANTZ
Special Agent
Homeland Security Investigations

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this _29th_ day of July, 2020.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

COMPLAINT/GURSEWAK SINGH - 5

UNITED STATES ATTORNEY
700 STEWART, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970